# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARSHALL FRY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18-CV-1168-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be untimely. As a result, the Court will order movant to show cause why the motion should not be summarily dismissed.

On December 7, 2012, movant was found guilty by a jury on one count of conspiracy to commit racketeering and one count of conspiracy to commit murder in aid of racketeering. *See United States v. Fry*, No. 4:11-CR-246-CDP (E.D. Mo. Dec. 7, 2012). On April 15, 2013, the Court sentenced movant to 188 months' imprisonment. Movant appealed, and the Eighth Circuit Court of Appeals issued its final judgment affirming the sentence on September 10, 2014. On May 28, 2015, the United States Supreme Court denied movant's petition for writ of certiorari. Movant filed the instant § 2255 motion on June 27, 2018, which is the date he placed it in the prison's mail system.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who files a petition for a writ of certiorari, the judgment of conviction becomes final for purposes of the statutory period for filing a § 2255 motion on the date when the United States Supreme Court denies his petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003). As stated above, the United States Supreme Court denied movant's petition for writ of certiorari on May 28, 2015. The limitations period ended, therefore, on May 28, 2016. Plaintiff did not file his § 2255 motion until June 27, 2018. As a result, the motion appears to be barred by the limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause no later than **September 26, 2018** why this action should not be dismissed as untimely.

Dated this 30th day of August, 2018.

                                                 */s/ Catherine D. Perry*
                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE