UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL FRY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1168-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court on movant's response to the Court's show cause order issued August 30, 2018.[1] Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

On December 7, 2012, movant was found guilty by a jury on one count of conspiracy to commit racketeering and one count of conspiracy to commit murder in aid of racketeering. *See United States v. Fry*, No. 4:11-CR-246-CDP (E.D. Mo. Dec. 7, 2012). On April 15, 2013, the Court sentenced movant to 188 months' imprisonment. Movant appealed. On September 10, 2014, the Eighth Circuit Court of Appeals affirmed the conviction and sentence. On May 28, 2015, the United States Supreme Court denied movant's petition for writ of certiorari. Movant filed the instant § 2255 motion on June 27, 2018, which is the day he placed it in the prison's mail system.

Movant filed his § 2255 motion more than two years after the statute of limitations had run. *See* ECF No. 2. In his response to the Court's show cause order, movant states that he

---

[1] On August 30, 2018, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred.

should be allowed to file his § 2255 motion out of time because the United States Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), asserts a newly recognized right made retroactive to his case. *See* ECF No. 3 at 3.

In *Sessions v. Dimaya*, the Supreme Court declared unconstitutionally vague 18 U.S.C. § 16(b) which contained similar language to the residual clause in the Armed Career Criminal Act, which the Court held unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, in *Johnson* the Supreme Court held unconstitutionally vague the following definition of "violent felony" in the Armed Career Criminal Act: any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56. In *Dimaya*, the Supreme Court held unconstitutionally vague the following definition of "a crime of violence" as defined in 18 U.S.C. § 16(b): "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person . . . ." *Dimaya*, 138 S. Ct. at 1207-08.

Movant argues that 18 U.S.C. § 1959(a)(5), the violent crimes in aid of racketeering statute ("VICAR"), is similarly vague as it contains the phrase "or threatens to commit a crime of violence."[2] *See* 18 U.S.C. § 1959(a). Although the statute contains the phrase "crime of violence," movant was convicted specifically of conspiracy to commit murder in aid of racketeering activity under § 1959(a)(5), which states:

---

[2] Movant states: "Dimaya had reargued the residual clause of 16(b) being vague and unconstitutional. The same identical language written in subsection § 924(e) and § 924(c), § 1962(d), § 1963(a)." ECF No. 3 at 2.

Movant was convicted of conspiracy to commit racketeering under §§ 1962(d) and 1963(a). There is no language in § 1962(d) or § 1963(a), however, that is the same or identical to the language of § 16(b). The Court will assume, therefore, that movant was referring to his conviction of conspiracy to commit murder in aid of racketeering under § 1959(a)(5). The language of § 1959(a)(5), include the phrase "crime of violence." *Compare* 18 U.S.C. § 1962(d) *and* 18 U.S.C. § 1963(a), *with* 18 U.S.C. § 1959(a)(5).

> (a) Whoever . . . engaged in racketeering activity . . . murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual . . . or attempts or conspires so to do, shall be punished—
> . . .
> (5) for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title or both . . . .

18 U.S.C. § 1959(a)(5).

Movant was convicted of conspiracy to commit murder in aid of racketeering under VICAR, 18 U.S.C. § 1959(a)(5). This crime does not rely on any language similar to the residual clause of the Armed Career Criminal Act, which was held unconstitutionally vague in in *Johnson*, or 18 U.S.C. § 16(b), which was held unconstitutionally vague in *Dimaya*. Therefore, these two cases have no application to movant's § 2255 motion.

Movant cannot establish any newly recognized right recognized by the Supreme Court made retroactive to his case on collateral review. Therefore the one-year period of limitations began to run on May 28, 2015, and ended on May 28, 2016. Movant did not file his § 2255 motion until June 27, 2018. As a result, the motion is time barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 25th day of September, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE